UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLOSED

| | |
|---|---|
| LILLIAN IRBY-TURNER, et. al., | |
| Plaintiffs, | |
| | Civil Case No.05-147 (FSH) |
| v. | |
| | **OPINION & ORDER** |
| PLAINFIELD HEALTH CENTER, et al., | |
| | Date: June 13, 2005 |

**HOCHBERG, District Judge**

This matter having come before the Court upon the United States', substituted Defendant for Plainfield Health Center and Dr. Susan Walsh, Motion to Dismiss for Failure to Exhaust Administrative Remedies, and the Court having considered the submissions of the parties in accordance with Fed. R. Civ. P. 78, and

it appearing that Plaintiffs commenced this action in Union County Superior Court alleging medical malpractice against the Plainfield Health Center, Dr. Susan Walsh and Dr. Chaundry, and Dr. Charles A. Leff, and

it appearing that because the Plainfield Health Center is the recipient of federal funds and because Dr. Susan Walsh is an employee of Plainfield Health Center acting within the scope of her employment, the Federal Tort Claims Act ("FTCA") is the exclusive remedy for medical malpractice claims, and

it appearing that this matter was removed to the United States District Court for the District of New Jersey on January 6, 2005 pursuant to 28 U.S.C. § 2679, and

it appearing that the FTCA requires Plaintiff to exhaust her administrative remedies before bringing a medical malpractice claim in federal court,[1] and

it appearing that

**IT IS** on this __th day of June, 2005,

**ORDERED** that Defendants' Motion to Dismiss with prejudice as to the United States, the substituted Defendant for Plainfield Health Center and Dr. Susan M. Walsh, is **GRANTED**, and it is further

**ORDERED** that the case is remanded to the Superior Court of New Jersey, Union County Superior Court - Law Division.

**/s/ Faith S. Hochberg**

Hon. Faith S. Hochberg, U.S.D.J.

[1]28 U.S.C. § 2675(a) requires that: "an action shall not be instituted upon a claim against the United States...unless the claimant shall have first presented the claim to the appropriate Federal agency." The requirement that an administrative claim first be presented is jurisdictional and cannot be waived. *Livera v. First National State Bank of New Jersey*, 879 F.2d 1186 (3d Cir. 1989); *Richardson v. Knudhansen Memorial Hospital*, 744 F.2d 1007, 1010 (3d Cir. 1984). In order for Plaintiffs to sue the United States for alleged damages they claim to have suffered, they were obligated to have first filed administrative claims signed by the them and asserting a sum certain in damages. *Bialowas v. United States*, 443 F.2d, 1049 (3d Cir. 1971). Because Plaintiffs did not file an administrative claim, the United States is dismissed from this case. Upon the dismissal of the United States from this action, the Court no longer maintains subject matter jurisdiction. Accordingly, this case must be remanded to state court for further proceedings against the remainder of the Defendants.